1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE SWAIN, | CASE NO. 11-CV-1086-H (PCL) |
| Petitioner, | |
| vs. | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| JEFFREY BEARD, Secretary[1], | |
| Respondent. | |

On May 17, 2011, Petitioner Theodore Swain ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On October 24, 2012, Respondent filed a response. (Doc. No. 21.) On September 6, 2013, the magistrate judge issued a report and recommendation to deny the petition for writ of habeas corpus. (Doc. No. 45.) For the following reasons, the Court denies the petition for writ of habeas corpus and adopts the magistrate judge's report and recommendation.

---

[1]Matthew Cate is no longer the Secretary of the California Department of Corrections and Rehabilitation; Jeffrey Beard has recently been appointed Secretary of that agency. The Court therefore substitutes "Jeffrey Beard" as Respondent in place of "Matthew Cate." See Fed. R. Civ. P. 25(d)(1).

1

## **Background**

2       On March 4, 2008, a jury in the California Superior Court of San Diego County

3 convicted the Petitioner of a number of charges related to his involvement in a

4 securities fraud scheme. (Lodgment No. 1, vol.3 at 105.)  The jury found Petitioner

5 guilty of fifteen counts of selling securities by misrepresentation or omission of a

6 material fact (Cal. Corp. Code §§25401, 25540(b)), six counts of engaging in

7 fraudulent securities schemes (Cal. Corp. Code §§ 25541, 25540 (a)), and eight counts

8 of grand theft (Cal. Penal Code § 487(a)).  The jury also found that three of the thefts

9 were committed against elders (Cal. Penal Code § 368(d)) and that Petitioner engaged

10 in a pattern of related felony conduct involving the taking of more than $100,000,

11 $500,000 and $2,500,000 against the elders, respectively.   (Cal. Penal Code §§

12 186.11(a)(2)) and 12022.6(a)(4)). (Lodgment No. 1, vol. 1 at 164-195; see also id. vol.

13 2 at 442-45.) Petitioner unsuccessfully appealed his conviction to the California Court

14 of Appeal and to the California Supreme Court. (Lodgment Nos. 3, 6, 7, 8.)  Petitioner

15 then filed petitions for writ of habeas corpus in the San Diego Superior Court, which

16 denied his petition, and in the California Court of Appeal, which denied his petition.

17 (Lodgment No. 9, 13.)

18       On May 17, 2011, Petitioner filed this federal petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.  (Doc. No. 1)  On September 6, 2013, the magistrate

20 judge filed a report and recommendation to deny the petition for writ of habeas corpus.

21 (Doc. No. 45.)

22

## **Discussion**

23 **I.     Legal Standard of Review**

24       A district court "may accept, reject, or modify, in whole or in part, the findings

25 or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  If a party objects

26 to any portion of the report, the district court "shall make a de novo determination of

27

28

those portions of the report . . . to which objection is made." Id.

A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id. § 2254(a); accord Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Habeas corpus is an "extraordinary remedy" available only to those "persons whom society has grievously wronged and for whom belated liberation is little enough compensation." Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993)). Because Petitioner filed this petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). Indeed, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. Federal habeas relief is available, but only if the result of a federal claim the state court adjudicated on the merits is "contrary to," or "an unreasonable application" of United States Supreme Court precedent, or if the adjudication is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. §§ 2254(d)(1) and 2254(d)(2).

A federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if a state court either "applies a rule that contradicts the governing law set forth in [the United States Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at

1    a result different from [the Court's] precedent." Early v. Packer, 537 U.S. 3, 8 (2002);

2    see also Williams, 529 U.S. at 405-06 (distinguishing the "contrary to" and the

3    "unreasonable application" standards). "[R]eview under 28 U.S.C. § 2254(d)(1) is

4    limited to the record that was before the state court that adjudicated the claim on the

5    merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

6          A federal court may grant habeas relief under the "unreasonable application"

7    clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule from

8    [the Supreme] Court's cases but unreasonably applies it to the facts of the particular

9    state prisoner's case." Williams, 529 U.S. at 407.  A federal court may also grant

10   habeas relief "if the state court either unreasonably extends a legal principle from

11   [Supreme Court] precedent to a new context where it should not apply or unreasonably

12   refuses to extend that principle to a new context where it should apply." Id.  The state

13   court's "unreasonable application" of binding precedent must be objectively

14   unreasonable to the extent that the state court decision is more than merely incorrect

15   or erroneous.  Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citation omitted); see

16   Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).

17         Additionally, even if a state court decision is contrary to United States Supreme

18   Court precedent or rests on an unreasonable determination of facts in light of the

19   evidence, the petitioner must show that such error caused substantial or injurious

20   prejudice.  Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht, 507 U.S. at

21   637-38); see Fry v. Pliler, 551 U.S. 112, 121-22 (2007); Bains v. Cambra, 204 F.3d

22   964, 977 (9th Cir. 2000).  AEDPA creates a highly deferential standard toward state

23   court rulings.  Woodford v. Viscotti, 537 U.S. 19, 24 (2002); see Womack v. Del Papa,

24   497 F.3d 998, 1001 (9th Cir. 2007).

25   //

26   //

27

28

## II. Analysis

In his federal petition for writ of habeas corpus, Petitioner raises seven grounds for relief.[2]   In claim one, Petitioner argues the trial court erred in failing to give a unanimity instruction with regard to the securities fraud, theft and securities scheme charges, and that his defense counsel was ineffective in failing to request such instructions.  In claim two, Petitioner contends he received multiple sentences for the same acts, in violation of his constitutional rights.  In claim three, Petitioner asserts the trial court improperly instructed the jury on the elements of the charged securities offenses, in violation of his due process rights.  In claim four Petitioner argues he received ineffective assistance of counsel, in violation of his Sixth Amendment rights. In claim five, Petitioner claims he received ineffective assistance of appellate counsel, in violation of his Sixth Amendment rights.  In claim six, Petitioner argues "outrageous government conduct" rendered his trial fundamentally unfair.   In claim seven, Petitioner contends that he is "actually innocent."  (See Doc. No. 1 at 6-12.)

### 1. Unanimity Instruction

In claim one, Petitioner argues the trial court erred in failing to give the jury a unanimity instruction on the charges involving securities violations under California Corporations Code section 25401 (counts 2, 3, 5, 6, 8, 9, 11, 13, 14, 16, 17, 18, 20, 22, and 27), charges involving grand theft under California Penal Code section 487 (counts 4, 7, and 12), and charges of fraudulent securities schemes (counts 28-33).  (See Doc. 1 at 6.)   Petitioner raised these claims in the California Court of Appeal, and the California Court of Appeal denied these claims. (Lodgment Nos. 3, 6.)  The California Supreme Court denied these claims without comment or citation when Petitioner raised them again in his petition for review.  (Lodgment Nos. 7, 8.)  This Court looks through

---

[2]Petitioner numbered his claims different in his form petition, his supporting documents, and memorandum of points and authorities.  The Court will refer to Petitioner's grounds for relief as labeled in his initial form petition.  (See Doc. No. 1 at 6-12.)

the state supreme court's denial to the decision of the appellate court.  <u>See</u> <u>Ylst v.</u> <u>Nunnemaker</u>, 501 U.S. 797, 801-06 (1991).

In general, a challenge to jury instructions does not state a federal constitutional claim.  <u>Engle v. Isaac</u>, 456 U.S. 107 (1982); <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1197 (9th Cir. 1983).  In order to warrant federal habeas relief, "it must be established not merely that the instruction is undesirable, erroneous or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment."  <u>Cupp v. Naughten</u>, 414 U.S. 141, 146 (1973); <u>see also</u> <u>Henderson v.</u> <u>Kibbe</u>, 431 U.S. 145, 154 (1977).  To prevail on such a claim, petitioner must demonstrate that an erroneous instruction "'by itself so infected the entire trial that the resulting conviction violates due process.'" <u>Estelle v. McGuire</u>, 502 U.S. 62, 72 (1991) (quoting <u>Cupp</u>, 414 U.S. at 147).  A petitioner has a particularly heavy burden to prove a due process violation on the basis of a failure to give an instruction, as an "omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  <u>Henderson</u>, 431 U.S. at 155.  Moreover, even assuming that omission of a particular instruction was constitutionally erroneous, federal habeas relief is not available unless the error had a substantial and injurious influence in determining the jury's verdict.  <u>Hedgpeth v. Pulido</u>, 555 U.S. 57, 61-62 (2008) (per curiam) (citing <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993)).

Petitioner's claims of instructional error fail.  First, a state criminal defendant does not have a federal constitutional right to a unanimous verdict in a non-capital trial. <u>See</u> <u>Apodaca v. Oregon</u>, 406 U.S. 404, 410-14 (1972); <u>Johnson v. Louisiana</u>, 406 U.S. 356, 359 (1972) (noting that "this Court has never held jury unanimity to be a requisite of due process of law"). The Supreme Court has also held that the Constitution does not require unanimous agreement on the theory underlying a charge.  <u>See</u> <u>Schad v.</u> <u>Arizona</u>, 501 U.S. 624, 631-32 (1991).  Second, Petitioner has not shown a violation

of due process because the jury was properly instructed, pursuant to California law, that it must unanimously find that Petitioner made a material misrepresentation or omission, but not a specific one.  See People v. Butler, 212 Cal. App. 4th 404, 426 (2012) (holding that "jurors were not required to agree on the particular misrepresentations or omissions they relied on for the convictions because that finding merely relates to the manner of committing the crime").

**2. Multiple Punishment**

In claim two, Petitioner contends the trial court imposed unconstitutional multiple punishments for several counts of securities violations. (See Doc. No. 1 at 7.) Respondent argues that in state court, Petitioner relied exclusively on the multiple-punishment bar of California Penal Code section 654 as the basis for his claim and as a result, the claim is not cognizable on federal habeas review.  (Doc. No. 21-1 at 14.)

First, although Petitioner states his sentence was "unconstitutional," his claim is essentially a challenge to the trial court's application of California Penal Code § 654. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (stating that a petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process.").  Such a claim is not cognizable on federal habeas review. See Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989).  This Court will not review a state supreme court's interpretation of its own law unless that interpretation "is clearly untenable and amounts to a subterfuge to avoid federal review of a deprivation by the state of rights guaranteed by the Constitution." Knapp v. Cardwell, 667 F.2d 1253, 1260 (9th Cir. 1982).  Petitioner has made no such showing here.  The Court therefore concludes Petitioner is not entitled to relief as to claim two.

**3. Instruction on the Elements of the Offense**

In claim three, Petitioner argues the jury was improperly instructed on the elements of the offenses under California Corporation Code sections 25401, 25540, and 25541.  (See Doc. No. 1 at 8.)  Petitioner also argues that his conviction under California Penal Code sections 487 and 386, for grand theft and elder abuse,

1  respectively, cannot stand if the other convictions fall.  (See id.)

2       To the extent Petitioner argues the instructions were erroneous as a matter of

3  state law, his claim is not cognizable on federal habeas review.  See Estelle v. McGuire,

4  502 U.S. 62, 71-72 (1991).  To merit relief, clearly established law requires a petitioner

5  to show that the instructional error so infected the entire trial that the resulting

6  conviction violated due process.  Id. at 72; Henderson v. Kibbe, 431 U.S. 145, 154

7  (1977); Cupp v. Naughten, 414 U.S. 141, 147 (1973).  Instructional error warrants

8  habeas relief only if it created a reasonable likelihood that the jury "applied the

9  instruction in a way that relieved the State of its burden of proving every element of the

10  crime beyond a reasonable doubt."  Waddington v. Sarausad, 555 U.S. 179, 190-91

11  (2009).

12       Petitioner argues the court erred in failing to instruct the jury that it must find

13  that he "knew the misrepresentation or omission was 'material,'" and that there was a

14  connection between the misrepresentation or omission and the purchase of the security.

15  (See Doc. No. 1-1 at 45).  Contrary to Petitioner's assertion, the jury was instructed that

16  it must either find that Petitioner "knew of the falsity or misleading nature of the

17  statement or the materiality of the omission," or that he was criminally negligent in

18  failing to investigate or discover the falsity or omission.  (Lodgment No. 1, vol. 1 at

19  148.)    Additionally, there is no requirement in the statute that the purchase be

20  connected to the material representation or omission.  Thus, Petitioner has not met his

21  burden of demonstrating that the instruction was erroneous, much less that it "so

22  infected the entire trial that the resulting conviction violates due process."  See Estelle

23  v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147

24  (1973)).  Therefore, the Court finds Petitioner is not entitled to relief as to claim three.

25       **4.  Ineffective Assistance of Trial Counsel**

26       Petitioner also alleges ineffective assistance of his trial counsel, Albert Tamayo,

27  in violation of his Sixth Amendment rights.  (Doc. No. 1-1 at 52.)  Petitioner argues

28  Tamayo should have objected to the trial court's failure to give unanimity instructions

for securities fraud, theft, and operating securities schemes, or Tamayo should have requested such instructions.  (See Doc. No. 1-1 at 52-79)  Petitioner also contends Tamayo was ineffective because he was unprepared for trial. (See Doc. No. 1-1 at 52.)  Petitioner claims Tamayo failed to call several witnesses who would have testified that he ran a legitimate business and that his criminal history and prior bankruptcies were irrelevant and therefore not "material" to a reasonable investor.  (See Doc. No.1-1 at 52-79.)  Finally, Petitioner claims Tamayo failed to present evidence that reasonable people invest monies without regard for the background of the principal party.  (See id.)

To prevail on a claim of ineffective assistance of trial counsel in federal court, Petitioner must first establish that his trial counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  "This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.  Judicial scrutiny of counsel's performance must be "highly deferential." Id. at 689.  Second, Petitioner must show counsel's deficient performance prejudiced the defense.   Under Strickland, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   Id. at 694.   A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id.; see also Fretwell v. Lockhart, 506 U.S. 364, 372 (1993).

A "doubly" deferential judicial review is appropriate in analyzing ineffective assistance of counsel claims under section 2254.  See Harrington v. Richter, 131 S.Ct. 770, 788 (2011); Premo v. Moore, 131 S.Ct. 733, 740 (2011).  The general rule of Strickland gives the state courts greater leeway in reasonably applying that rule, which in turn "translates to a narrower range of decisions that are objectively reasonable under AEDPA."  Cheney v. Washington, 614 F.3d 987, 995 (9th Cir. 2010) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  On federal habeas review, "the

question is not whether counsel's actions were reasonable, [but] whether there is any reasonable argument that counsel satisfied <u>Strickland's</u> deferential standard." <u>Richter</u>, 131 S.Ct. at 788.  The Court need not address the performance prong if the claim can be resolved on the ground of lack of sufficient prejudice. <u>Strickland</u>, 466 U.S. at 697.

### a.  Failure to Request Unanimity Instructions

Petitioner argues Tamayo was ineffective in failing to request unanimity instructions.  Failure to take a futile action does not constitute deficient performance. <u>See</u> <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986).  The Court has concluded that Petitioner was not entitled to unanimity instructions under California law.  Therefore, any request for such instructions would have been futile, and Tamayo's decision not to request them was not an act of deficient performance.  <u>See</u> <u>Rupe v. Wood</u>, 93 F.3d 1434, 1445 (9th Cir. 1996);<u>see also</u> <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994). Likewise, there is no reasonable probability that a more favorable result would have occurred for Petitioner because the unanimity instructions were not available under state law.  <u>See</u> <u>Strickland</u>, 466 U.S. at 694-95.  Accordingly, the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established law.  <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000).

### b.  Failure to Prepare for Trial

Petitioner argues that Tamayo was not prepared for trial.  Petitioner claims Tamayo failed to adequately research the law, review the facts, and investigate the case before trial. (Doc. No. 1 at 9; Doc. No. 1-1 at 52-55.)  He further claims Tamayo was ineffective in failing to call several witnesses to testify on his behalf.

On June 22, 2007, the Public Defender's Office assigned Tamayo to Petitioner's case. (Lodgment No. 1, vol. 3 at 482).  On October 10, 2007, the trial court denied Tamayo's motion to continue the trial date.  At multiple points prior to and during the trial, Tamayo stated that he was not adequately prepared and asked for continuances, which the trial court denied.  (<u>Id.</u> at 484; <u>see also</u> Lodgment No. 2, vol. 1 at 52-54.)

This Court need not decide whether Tamayo's performance fell "outside the wide

range of professionally competent assistance." See Strickland, 466 U.S. at 690. Even assuming Petitioner can satisfy the "doubly" deferential standard imposed under AEDPA with regard to deficient performance, he is not entitled to relief because he has not established prejudice. See Richter, 131 S.Ct. at 788. The undisputed evidence against Petitioner was overwhelming. Petitioner admitted that he had prior felony convictions for grand theft and a prior bankruptcy. (Lodgment No. 2, vol. 11 at 84, 87.) He admitted he failed to disclose these facts to investors. (Id. vol. 11 at 93-94; vol. 12 at 47.) Nearly every victim testified that they would not have invested with Petitioner had these facts been disclosed to them. (Id. at vol. 2 at 169-70; vol. 3 at 199-200, 221, 258, 311; vol. 4 at 370, 399-400, 429-30, 448-49, 509-10, 528-29; vol. 5 at 738-39; vol. 6 at 784-85, 806-07, 828-29, 857; vol. 7 at 992-93; vol. 8 at 1242, 1374, 1431-33.) An expert in investment fraud, who was the former Enforcement Director of the Department of Corporations, testified on rebuttal that bankruptcies and past convictions should be disclosed in the prospectuses. (Id. vol. 12 at 199-202.)

These were not the only misrepresentations Petitioner made to investors. Victims also testified they would not have invested with Petitioner had they known that interest was being paid solely by obtaining money from other investors. (See id. vol. 3 at 223, 311-12; vol. 4 at 373, 400-01, 431, 447-48, 511, 529; vol. 6 at 785, 807, 829, 858; vol. 8 at 1242, 1373, 1434.) There was also testimony that Petitioner misrepresented to investors that First Fidelity's mortgage certificates were secured by first trust deeds when, in fact, there were no trust deeds. (Id., vol. 3 at 216, 272, 272; vol. 4 at 380; vol. 5 at 733; vol. 9 at 1476; vol. 10 at 1613.) There was evidence that Petitioner misrepresented his experience in securities and the length of time First Fidelity had been in business. (See id. vol. 4 at 16, 41-42; vol. 6 at 100, 223-26.) There was evidence, particularly related to his prior convictions, that Petitioner acted with a common plan or scheme to commit fraud. (See id. vol. 8 at 151, 206; vol. 9 at 14, 26; see also Lodgment No. 1, vol. 2 at 19-53.)

Having conducted a thorough independent review of the record, the Court

concludes that the state court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, clearly established law. See Himes, 336 F.3d at 853. Petitioner is not entitled to relief as to claim four.

### 5. Ineffective Assistance of Appellate Counsel

Petitioner next argues that he received ineffective assistance of appellate counsel in violation of his Sixth Amendment rights. (Doc. No. 1-1 at 81.) He states appellate counsel should have raised claims of ineffective assistance of trial counsel, improper jury instructions on the elements of the offenses, and outrageous government misconduct on appeal. (Id.)

"The proper standard for evaluating [a] claim that appellate counsel was ineffective . . . is that enunciated in Strickland." Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Smith v. Murray, 477 U.S. 527, 535-36 (1986)). A petitioner must first show that his appellate counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. Specifically, Petitioner must show that appellate counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." Smith, 528 U.S. at 285. Petitioner must then show he was prejudiced by counsel's errors. Strickland, 466 U.S. at 694. To establish prejudice, Petitioner must demonstrate that he would have prevailed on appeal absent counsel's errors. Smith, 528 U.S. at 285.

This Court already concluded that Petitioner did not establish prejudice as to his ineffective assistance of trial counsel claim. It follows that any claim for ineffective assistance of appellate counsel based on a meritless and unsuccessful claim of ineffective assistance of trial counsel must also fail. See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996). Appellate counsel's failure to raise it cannot constitute ineffective assistance. See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989).

### 6. Outrageous Government Misconduct

In claim six, Petitioner argues his due process rights were violated as result of "outrageous government misconduct." (Doc. No. 1 at 11.) Petitioner argues the

Superior Court, the Attorney General's Office, the Public Defender's Office, and California law enforcement conspired to deny him funds for expert witnesses, and that they "used misstatements and omissions to convict Petitioner while knowingly providing Petitioner totally in-adequate representation."   (Doc. No. 1-2 at 2.) Petitioner claims a conspiracy to deny Petitioner due process, equal protection, and effective assistance of counsel. (Doc. No. 1-2 at 2.) He further claims the Attorney General hid exculpatory evidence, illegally seized assets, and failed to protect those assets. (Id. at 3.)

Although there is no clearly established standard for a due process claim based on outrageous government conduct, the Supreme Court has suggested in dicta that outrageous government conduct may give rise to a due process defense. United States v. Russell, 411 U.S. 423, 431-32 (1973). Because there is no clearly established precedent for a due process claim based on outrageous government conduct, the California courts' denial of the claim is not contrary to, nor an unreasonable application of, clearly established law. See Carey v. Musladin, 549 U.S. 70, 74 (2006); see also Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law.").

Petitioner's judicial misconduct claim does not warrant relief. "[T]he floor established by the Due Process Clause clearly requires a 'fair trial in a fair tribunal,' before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Bracy v. Gramley, 520 U.S. 899, 904-05 (1997) (internal citation omitted) (quoting Withrow v. Larkin, 421 U.S. 35, 46 (1975)). The trial judge must "'avoid even the appearance of advocacy or partiality.'" Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir. 1995) (internal quotation marks and citation omitted). A claim of judicial misconduct by a state judge in the context of federal habeas review does not simply require that the federal court determine whether the state judge committed

judicial misconduct; rather, the question is whether the state judge's behavior "rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." Id. at 740. A state judge's conduct must be significantly adverse to a defendant before it violates constitutional requirements of due process and warrants federal intervention. Id.

Petitioner appears to argue that the trial judge's denial of Tamayo's motion for a continuance was based on bias and therefore violated his due process rights. (See Doc. No. 1-2 at 4-5.) In general, "[t]rial judges necessarily require a great deal of latitude in scheduling trials." Morris v. Slappy, 461 U.S. 1, 11-12, 103 (1983). In that regard, "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." Id. (quoting Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). Additionally, even if the judge improperly denied the continuance, habeas relief is not available unless there is a showing of actual prejudice to Petitioner's defense resulting from the refusal to grant a continuance. See Gallego v. McDaniel, 124 F.3d 1065, 1072 (9th Cir. 1997); see also United States v. Kloehn, 620 F.3d 1122, 1130 (9th Cir. 2010) ("An arbitrary denial of a continuance is subject to the harmless error test.") Petitioner also claims he was denied adequate and equal resources to those the state expended in prosecuting him, in violation of due process and equal protection. (See Doc. No. 1-2 at 11-13.) But neither due process nor equal protection requires that the state equalize the resources of the indigent and the wealthy defendant. See Ross v. Moffitt, 417 U.S. 600, 616 (1974).

Having conducted a thorough independent review of the record, the Court finds that the state court's denial of Petitioner's outrageous government misconduct claim was neither contrary to, nor an unreasonable application of, clearly established federal law. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); see also 28 U.S.C. § 2254(d). The Court finds that Petitioner is not entitled to relief as to ground six.

1

### 7. Actual Innocence

Finally, Petitioner argues he is actually innocent of committing the charged crimes. (Doc. No. 1 at 12.) Whether a freestanding innocence claim is cognizable under federal law is an "open question." <u>District Attorney's Office for Third Judicial Dist. v. Osborne</u>, 557 U.S. 52, 71 (2009). Even assuming such a claim is cognizable on federal habeas, the burden of proof for such a claim is "extraordinarily high." <u>Carriger v. Stewart</u>, 132 F.3d 463, 476 (9th Cir. 1997). Even assuming Petitioner's claim is cognizable on federal habeas review, Petitioner is not entitled to relief because he offers no "reliable new evidence" to support his claim. His evidence consists primarily of his own self-serving declarations. Petitioner has not met the extraordinarily high standard to show that he is "probably innocent." <u>Carriger</u>, 132 F.3d at 476. Accordingly, the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established law. <u>See</u> <u>Himes</u>, 336 F.3d at 853; 28 U.S.C. §2254(d). Thus, the Court concludes that Petitioner is not entitled to relief as to this claim.

### Conclusion

Accordingly, the Court denies the petition with prejudice, and the Court denies Petitioner's request for a certificate of appealability.

**IT IS SO ORDERED.**

Dated: December 19, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT